1  Lisa A. Villasenor, Esq. (SBN 133984)
   Steve K. Johnson, Esq. (SBN 107638)
2  MANNING & MARDER
   KASS, ELLROD, RAMIREZ LLP
3  15th Floor at 801 Tower
   801 South Figueroa Street
4  Los Angeles, CA 90017
   Telephone: (213) 624-6900
5  Facsimile (213) 624-6999
   Email: skj@mmker.com
6  Email: lav@mmker.com

7  Attorneys for Defendant,
   FRY'S ELECTRONICS, INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  MICHAEL FERNANDES,                )  Case No.: C 07-05215 WHA
                                      )
13              Plaintiff,            )  **ANSWER OF DEFENDANT FRY'S**
                                      )  **ELECTRONICS, INC. TO**
14  vs.                               )  **COMPLAINT; DEMAND FOR**
                                      )  **JURY TRIAL**
15  1695 WILLOW PASS ROAD, LLC FRY'S  )
    ELECTRONICS, INC.,                )
16                                    )
                Defendants.           )
17  _____ )

18      Defendant FRY'S ELECTRONICS, INC. ("defendant") answers and responds to the

19  complaint of Plaintiff MICHAEL FERNANDES ("plaintiff") as follows:

20      1.   Answering paragraph 1 of the complaint, defendant lacks sufficient information on

21  which to form a belief as to the truth of the allegations contained therein, and on that basis, denies

22  the allegations.

23      2.   Answering paragraph 2 of the complaint, defendant admits that it operates a Fry's

24  Electronics store at 1695 Willow Pass Road, Concord, California which is open to the public.  It

25  leases this store premises from 1695 Willow Pass Road LLC.  Except as expressly admitted herein,

26  defendant denies the allegations of paragraph 2.

27  ///

28  ///

3. Answering paragraph 3 of the complaint, defendant admits that in the present action plaintiff is seeking injunctive relief, damages, attorneys fees, and litigation expenses and costs according to statute. Except as expressly admitted herein, defendant denies the allegations of paragraph 3.

4. Answering paragraph 4 of the complaint, defendant admits that federal courts generally have jurisdiction over claims under the Americans with Disabilities Act and that they have supplemental jurisdiction over state law claims based upon the same set of operative facts as federal claims. Except as admitted herein, defendnt denies the allegations of paragraph 4.

5. Answering paragraphs 5 and 6 of the complaint, defendant admits that venue is proper in the district in which a substantial part of the alleged events or omissions which are the subject of the action occurred pursuant to 28 USC Section 1391 (b)(2). Except as expressly admitted herein, defendant denies the allegations of paragraphs 5 and 6.

6. Defendant denies the allegations of paragraph 7 of the complaint because the paragraph is a legal conclusion to be determined by and through this action.

7. Paragraph 8 of the complaint is a "placeholder."

8. Answering paragraph 9 of the complaint, defendant admits that it operates a Fry's Electronics store at 1695 Willow Pass Road, Concord, California and that it leases the store premises. Except as expressly admitted herein, defendant denies the allegations of paragraph 9.

9. Answering paragraph 10 of the complaint, defendant lacks sufficient information on which to form a belief as to the truth of the allegations contained therein, and on that basis, denies the allegations.

10. Defendant cannot admit or deny the allegations of paragraph 11 of the complaint because the referenced statutory provisions speak for themselves.

11. Defendant denies the allegations of paragraph 12 of the complaint because the paragraph is a legal conclusion to be determined by and through this action.

12. Answering paragraph 13 of the complaint, defendant admits that there are many accessible parking spaces at 1695 Willow Pass Road, Concord, California. Except as admitted herein, defendant denies the allegations of paragraph 13.

13. Defendant denies the allegations of paragraph 14 of the complaint because the paragraph is a legal conclusion to be determined by and through this action.

14. Answering paragraph 15 of the complaint, defendant admits that plaintiff seeks injunctive relief. Except as admitted herein, defendant denies the allegations of paragraph 15.

15. Answering paragraphs 16 and 17 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

16. Defendant admits that paragraph 18 of the complaint contains a statement of what plaintiff seeks from the court in this case. Except as admitted herein, defendant denies the allegations of paragraph 18 of the complaint because the paragraph is a legal conclusion to be determined by and through this action.

17. Answering paragraph 19 of the complaint, defendant incorporates and restates paragraphs 1 through 16 of this answer.

18. Defendant cannot admit or deny the allegations of paragraphs 20 through 24 of the complaint because the referenced statutory provisions speak for themselves.

19. Answering paragraph 25 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

20. Answering paragraph 26 of the complaint, defendant denies generally and specifically each and every allegation contained therein.

21. Answering paragraph 27 of the complaint, defendant lacks sufficient information on which to form a belief as to the truth of the allegations contained therein, and on that basis denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

22. As the first, separate and affirmative defense, defendant is informed and believes and thereon alleges that the complaint, and each allegation contained therein, fails to state sufficient facts to constitute a cause of action against defendant.

///

///

///

## SECOND AFFIRMATIVE DEFENSE

23. As the second, separate and affirmative defense, defendant is informed and believes and thereon alleges that the complaint, and each allegations contained therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

24. As the third, separate and affirmative defense, defendant states that it and its agents acted reasonably and in good faith at all times material herein, based upon the relevant facts and circumstances known by it at the time it so acted. Accordingly, plaintiff is barred from any recovery in this action.

## FOURTH AFFIRMATIVE DEFENSE

25. As the fourth, separate and affirmative defense, defendant states that plaintiff has failed to exhaust his administrative remedies required under 42 U.S.C. § 12182(a), et seq.

## FIFTH AFFIRMATIVE DEFENSE

26. As the fifth, separate and affirmative defense, defendant alleges that plaintiff has failed to exhaust his administrative remedies required under California Civil Code sections 51, 52, 54 and 54.1.

## SIXTH AFFIRMATIVE DEFENSE

27. As the sixth, separate and affirmative defense, defendant is informed and believes that the complaint, and each alleged cause of action contained therein, that purport to state a claim against defendant is barred by the doctrine of unclean hands by reason of plaintiff's conduct and actions.

## SEVENTH AFFIRMATIVE DEFENSE

28. As the seventh, separate and affirmative defense, defendant states that it made reasonable accommodations to plaintiff. To further accommodate plaintiff would impose an undue hardship on defendant in that such accommodations would be unduly costly and burdensome, are not readily achievable or would result in a significant loss of selling space for defendant.

///

///

### EIGHTH AFFIRMATIVE DEFENSE

29. As the eighth, separate and affirmative defense, defendant states that at all times mentioned in the complaint, plaintiff conducted himself in a negligent manner, and such negligence proximately caused and contributed to the damages alleged, and shall thereby reduce the damages, if any, sustained herein by the amount of percentage of such negligence.

### NINTH AFFIRMATIVE DEFENSE

30. As the ninth, separate and affirmative defense, defendant states its privilege in its right to conduct the efficient operation of its businesses.

### TENTH AFFIRMATIVE DEFENSE

31. As the tenth, separate and affirmative defense, defendant is informed and believes that the complaint, and each and every purported claim contained therein, is barred, in whole or in part, to the extent plaintiff has failed to comply with all jurisdictional requirements, including any state or federal law exhaustion requirements to bring a claim for injunctive relief under Title III of the Americans with Disabilities Act.

### ELEVENTH AFFIRMATIVE DEFENSE

32. As the eleventh, separate and affirmative defense, defendant alleges that plaintiff's prayer for judgment and damages is barred because Title II of the Americans with Disabilities Act does not provide for a private cause of action for damages.

### TWELFTH AFFIRMATIVE DEFENSE

33. As the twelfth, separate and affirmative defense, defendant denies that any loss, damage or injury of any kind or character, of any sum or amount has been suffered by plaintiff by reason of acts, omissions, carelessness, negligence or intentional conduct on the part of defendant, or on the part of any of defendant's agents, servants, employees or any other person or persons acting or purporting to act on its behalf, or on behalf of any of them.

### THIRTEENTH AFFIRMATIVE DEFENSE

34. As the thirteenth, separate and affirmative defense, defendant pleads that plaintiff failed to exercise reasonable diligence to mitigate his damages, if any damages in fact were suffered, and such sums should be deducted from any award of damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

35. As the fourteenth, separate and affirmative defense, defendant pleads that if its employees committed acts alleged in the complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of such employees' employment and such acts were not authorized, adopted or ratified by defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

36. As the fifteenth, separate and affirmative defense, defendant pleads that the relief sought by plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

37. As the sixteenth, separate and affirmative defense, defendant pleads that the relief sought by plaintiff's complaint is disproportionate to the overall alterations, if any, in cost and scope.

### SEVENTEENTH AFFIRMATIVE DEFENSE

38. As the, seventeenth, separate and affirmative defense, defendant pleads that plaintiff has failed to state a claim for compensatory damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

39. As the eighteenth, separate and affirmative defense, defendant pleads that plaintiff has failed to state a claim for general and/or special damages.

### NINETEENTH AFFIRMATIVE DEFENSE

40. As the nineteenth, separate and affirmative defense, defendant alleges, based on information and belief that the complaint, or portions thereof, is based on statutes that, in the context of this lawsuit, are void, invalid and otherwise unenforceable as violative of the Contracts Clause and Due Process Clause of the United States Constitution and the Due Process Clause of the California Constitution.

///

///

///

### TWENTIETH AFFIRMATIVE DEFENSE

41. As the twentieth, separate and affirmative defense, defendant pleads that, based on information and belief, the causes of action based on California state laws are preempted by applicable federal law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

42. As the twenty-first, separate and affirmative defense, defendant pleads that, based on information and belief, the complaint fails as a matter of law because, to the extent that plaintiff was not provided with equivalent service, access and enjoyment of defendant's store, it was because plaintiff failed to give defendant notice of the need and an opportunity to do so.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

43. As the twenty-second, separate and affirmative defense, defendant reserves the right to raise additional affirmative defenses at trial, upon discovery of the same through the discovery process.

### PRAYER

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing by way of his complaint;
2. That the complaint herein, and each purported claim for relief contained therein, be dismissed with prejudice, and that judgment be entered for defendant;
3. That defendant be awarded its reasonable attorney's fees;
4. That defendant be awarded the costs of suit herein; and
5. That defendant be awarded such other and further relief that the court may deem just and proper.

Dated: December 14, 2007

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Lisa A Villasenor
Attorneys for Defendant,
FRY'S ELECTRONICS, INC.

1

## DEMAND FOR JURY TRIAL

2  Defendant FRY'S ELECTRONICS, INC. hereby demands trial of this matter by jury

3  pursuant to Federal Rules of Civil Procedure, Rule 38(b) and

4  Local Rule 38-1.

5  Dated: December 14, 2007

6
  MANNING & MARDER
  KASS, ELLROD, RAMIREZ LLP

7

8  By: _____

9  Lisa A. Villasenor
   Attorneys for Defendant,
10  FRY'S ELECTRONICS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATION OF SERVICE

*MICHAEL FERNANDES vs. 1695 WILLOW PASS ROAD, LLC FRY'S ELECTRONICS, INC.,*
United States District Court - Northern District Case No.: (C 07-05215 WHA)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On the date indicated below, I served the documents described as ANSWER OF DEFENDANT FRY'S ELECTRONICS, INC. TO COMPLAINT; DEMAND FOR JURY TRIAL to the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Thomas N. Stewart, II, Esq.<br>369 Blue Oak Lane, 2nd Floor<br>Clayton, CA 94517<br>Phone: (925) 672-8452<br>Fax:    (925) 673-1729 | COUNSEL FOR PLAINTIFF,<br>MICHAEL FERNANDES |

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

   I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 14, 2007 at San Francisco, California.

_____
Carlos Rios