

*Kim R. Blackseth, Interests, Inc.*
*310 17th Street*
*Oakland, CA 94612*

*Phone 510-839-1760     Fax 510-839-2085*

March 26, 2008

Tom Stewart
Law Offices
369 Blue Oak Lane
Clayton, CA 94517

Re:     Fry's, Willow Pass Rd, Concord, CA- Disabled Access Report

Dear Mr. Stewart

At your request, on or about March 12, 2008, we reviewed the subject facility in Concord, CA, for compliance with State of California's <u>Title 24, Building Code (CBC),</u> California Amendments and the federal <u>Americans with Disabilities Act of 1990 (ADA),</u> as they relate to physical disabled access. A brief discussion of these requirements follows:

**California Building Code**

The first California access laws for newly constructed buildings (Health and Safety Code 19955) were passed in 1969.  In 1971, Heath and Safety Code 19959 was passed that required all alterations, repairs and additions be accessible in public accommodations.

From the enactment of sections 19955 and 19959, to 1982 the ANSI 117.1, 1961 requirements were the standard to implement the access requirements.  These were 6 pages and contained very limited scoping provisions.

In 1982, the California Building Code Title 24 (CBC Title 24) went into effect replacing the 1961 ANSI standards.  The CBC Title 24 accessibility standards were revised in 1984, 1986, 1987, 1989, 1994, 1996 and 1998. The 2001 CBC became effective on November 1, 2002 for all alterations and new construction.

This facilities obligation to comply with the California Building Code (CBC) depends largely on its construction date and alteration history. If an alteration (as defined in the CBC) is performed, these facilities have to comply with the edition of the CBC in effect on the date of their last alteration. This obligation would include the functional area renovated, the path of travel to them and the sanitary facilities that support them, not the entire facility.

If an alteration is performed, the date of those renovations reveals the applicable editions of the State Building Code that will determine what additional access features are required.

**The Americans with Disabilities Act**

The ADA prohibits discrimination on the basis of disability in employment, programs and services provided by state and local governments, goods and services provided by private companies, and in commercial facilities.

The ADA was signed into law on July 26, 1990. It contains requirements for new construction, for alterations or renovations to buildings and facilities, and for improving access to existing facilities of private companies providing goods or services to the public and requires reasonable modifications of policies and practices that may be discriminatory

The Americans with Disabilities Act (Public Law 101-336), has five titles, each of which defines and prohibits discrimination on the basis of disability within a specific arena:

- Title I - Employment
- Title II - Public Services
    - Subtitle A, covers state and local governments generally;
    - Subtitle B applies to most public transportation systems.
    - Title III - Public Accommodations and operated by Private Entities
- Title IV - Telecommunications
- Title V - Miscellaneous Provisions

This facility is a Public Accommodation, as defined by the ADA. And as such, the elements in Title III apply. Regulations implementing the general provisions of titles III of the ADA - those that cover buildings and facilities - were published in the Federal Register (FR) on July 26, 1991.

- Part II - Architectural and Transportation Barriers Compliance Board - 36 CFR Part 1191 - Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities; Final Guidelines (**this is ADAAG**);

- Part III - Department of Justice, Office of the Attorney General - 28 CFR Part 36 - Nondiscrimination by Public Accommodations and in Commercial Facilities; Final Rule (this is the title III regulation; subpart C contains requirements for existing facilities; subpart D covers new construction and alterations, incorporating ADAAG as Appendix A).

ADAAG was developed for New Construction and Alterations. Existing facilities not otherwise being altered are subject to requirements specified in the DOJ regulations. Title III entities must pursue barrier removal - or alternatives - in existing places of public accommodation. Broadly viewed, ADA implementing regulations outline a hierarchy of obligations:

- New construction must be fully accessible, in compliance with applicable provisions of ADAAG;

- Alterations must observe ADAAG new construction criteria where technically feasible; less stringent technical specifications may be applied where technical unfeasibility is encountered; alterations to primary function areas carry an additional obligation to improve the path of travel to the altered area;

- Existing facilities must achieve a level of usability that balances user needs, the constraints of existing conditions, and the resources available for remedial work.

**Note: As of July 23, 2004, the Architectural and Transportation Barriers Compliance Board (ATBCB) released a new version of ADAAG. While we now have new ADAAG scoping and technical standards, they will not be implemented until the DOJ adopts them and provides direction on their use, i.e. how to integrate them with old standards, etc.**

**These new standards are a significant change from the current ADAAG. The new ADAAG provides a new numbering system, better consistency with California and national model codes, etc. Significant dimensions and details have been changed. However, until the DOJ adopts them and provides some technical direction, the old ADAAG is the correct standard. The DOJ projects it may be two (2) years (from July 2004) before the new ADAAG is in place fully.**

**In the meantime we will provide our clients with additional information regarding conflicts between the two ADAAG'S and attempt to provide as clear direction as possible.**


**Construction/Alteration History**

The construction history was not researched. To firmly establish which editions of the CBC (and to confirm ADAAG requirements) the building history should be researched with the local enforcing agency.

The current CBC and ADAAG alteration requirements were used as the baseline for determining if barriers are present. If subsequent permit history reveals alterations have taken place, the report conclusions may need to be revisited.

**Facility Survey**

This is a retail store with surrounding parking. Our comments are as follows:

**Parking**

- The total number of parking spaces provided was unclear. A knowledgeable property representative needs to determine this number and use the chart in Fig 1.1 to determine how many disabled spaces are required.

### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces    \*\* 7 out of every 8 accessible parking spaces

*Fig 1.1*

There are 14 spaces currently held out as accessible. Our comments include:



*Fig 1.2*

- There are two spaces near the entry (fig 1.2). These spaces provide a built up ramp that encroaches into the space and aisle. This is not permitted. Remove the built up ramps and replace with curb ramp, as in Fig A;



Fig A



*Fig 1.3*

The remaining 12 spaces are located on the side of the building entry (fig 1.3);



*Fig 1.4*

- All 12 of these spaces provide a built up ramp that encroaches into the space and aisle. This is not permitted. Remove the built up ramps and replace with curb ramp, as in Fig A;

- There was only one (1) van space provided. Fig 1.1 requires two (2) van spaces

**Path of Travel**

- As shown in fig 2.1, the path of travel from the parking to the front door uses the illustrated walkway. Detectable warnings are required the length of this flush walkway/driveway intersection, not just at the cross walk;



*Fig 2.1*

**Entry**



*Fig 2.2*

- The entry doors were electric (fig 2.2) and no action is required;

*Interior*



***Fig 2.5***



***Fig 3.1***

- There are four (4) service counters. Two are illustrated in figs 2.5 and 3.1. All provided the required 34″ high by 36″ long low area. No action required.

*Café 24*



Fig 4.1

- None of the tables provided the required 19″ (horizontal) clear knee space. Provide two (2) accessible tables.



Fig B

*Check out Counters*



Fig 4.2

- There are 39 check out stations. Two (2) are accessible (fig 4.2). No action is required.

*Restrooms*

Plaintiff's counsel directed us to not survey the restrooms, as he felt there were no issues. As such, we have no comments on these facilities.

**Report Limitations**

This report was created to provide our best opinion on the required state and federal access requirements for this property. It does not identify every possible deminimus violation, but focuses on the access barriers we observed and to alert you as to the general requirements of the CBC and ADAAG.

This report does not (and can not) indemnify you from every possible interpretation of these codes or any future access lawsuit brought by a party that disagrees with these opinions or is just wrong in their allegations.

However, we are confident that this report does provide the information, that when implemented, will bring you into substantial compliance with the applicable codes and requirements and provide significant protection against future access problems.

This concludes my report. Please advise if additional work is required.

Yours truly,

Kim R. Blackseth, ICC, ACD

*State of California Building Standards Commissioner (2006-2007)*
*California Board for Professional Engineer and Land Surveyors (2007)*
*International Conference of Building Officials # 1085694-12*
*Academy Certified Diplomate*
*ICC Certified Accessibility Inspector/Plans Examiner #20112*
*Member of the Western Region Master Builders Association*
*California General Building Contractor # 363311, since 1978*
*Member of the Marin Builders Exchange*

## QUALIFICATIONS

The complexity of the various California Building Codes, Title 24, Americans with Disabilities Act, Fair Housing Act and HCD regulations can be staggering. The research and coordination necessary to advise consumers, employers, business owners, architects, municipalities and the legal community has become a highly specialized task.

My firm, Kim R. Blackseth, Interests has been providing these skills for 16 years. We have nationwide experience and a reputation for timely, accurate work. I bring 18 years of varied corporate, commercial real estate, architectural and building experience to this field. I was a **Vice President of Corporate Real Estate with Bank of America** for five years. Previous to that, I was with **Bechtel Corporation** in San Francisco. During the two years prior to the establishment of Kim R. Blackseth, Interests, I was with **Gensler & Associates**, the nation's largest interior architect, developing their ADA and California Title 24 capabilities.

## AFFILIATIONS

**Governor Schwarzenegger** appointed me to the **California Building Standards Commission (CBSC)** in 2006. The CBSC is responsible for all building code requirements, language and modifications, including the disabled access provisions of the California Building Code. My term as Commissioner ran from 2006 – March 2007.

I was honored by **CALBO (California Building Officials)** in March 2007 with the **Presidents Special Recognition Award** *for "Efforts to Improve Public Safety and Disabled Access for All Californians".*

I am a current member of the State of California's **Accessibility Focus Group for the State Fire Marshall (OSFM)**. Additionally, I currently serve on **Housing and Community's (HCD) Accessibility Advisory Committee.**

**Governor Schwarzenegger** appointed me to the **California Board for Professional Engineer and Land Surveyors** in June 2007 and I'm a current member.

I am **ICBO (International Conference of Building Officials)** and **International Code Committee (ICC)** certified in Disabled Access Building Code/Accessibility issues. I am certified in Disabled Access /Accessibility issues by the **California State Lottery** (they have a separate access program).

I served on the **Marin County Planning Commission** for 10 years, four years as Chairman. I was appointed to **the Airport Land Use Commission** in 1984 and the **Board of Building Permit Appeals** in 1982. I have been active in the

disability community for years **as President of the Board of Directors for the MCIL**, a statewide disability organization.

I am **Academy Certified Expert** by the **American Academy of Certified Consultants.** My firm is an avid supporter of **the Miami Project to Cure Paralysis**. The **American Paralysis Association** for distinguished service recognized me in 1989. I was on the **Board of Trustees for Sutter Health Systems**, one of California's largest HMO's, and acted **as Chairman of the Sausalito Handicap Appeals Board**. I have been a licensed **California General Building Contractor** since 1978 and received a **Paralegal certificate from the University of California**, Berkeley in 1996. I am a past board member of **The United Way** and **the American Red Cross.**

I have done disabled access consulting for over 2500 firms. This partial list includes:

| | |
|---|---|
| Bank of America | McDonalds |
| California State Lottery | Emil Villas |
| Applebee's | Golden State Warriors |
| Round Table | Carrows |
| Marriott Corporation | Holiday Inn |
| Hyatt Corp | Quik Stop Stores |
| Sacramento Kings (NBA) | ARCO |
| Macys | City of Chicago |
| Exxon Corp | City of San Francisco |
| 7-11 Corp | Motel 6 |
| Port of Oakland | Clarion Corp |
| Days Inn | Xtra Oil Co. |
| El Torito | JC Penney's |
| Goodwill Industries | Starbucks |
| Century Theatres | UA Theatres |
| Bay Area Rapid Transit (BART) | Southland Corp. |
| Borders, Books & Music | The Gap |
| American Express | Pacific Telephone |
| California State Berkeley | County of Alameda |
| Lucas Films | Haas School of Business |
| Ramada Inns | Burger King |
| National Basketball Assoc. (NBA) | Bayside Common Condo Assn |
| Hertz Corp | Motel 6 |
| Vagabond Inns | Bellevue Club |
| Cal Expo | Waterworld |
| Six Flags Marineworld | Walden Books |
| Cal Pacific Medical Center | El Torito |
| Skates By the Bay | Madonna Inn |
| Buck Center for Research on Aging | Original Joe's |

| | |
|---|---|
| Sierra Pacific Properties | Bedford Properties |
| Shadowbrook | Nation's Hamburgers |
| Bonfare Markets | Circle K Stores |
| Doubletree Inns | City of Escondido |
| City of Fresno | Golden Gate Travelodge |
| Tahoe Seasons Resort | Tahoe City Travelodge |
| Shea Homes | Novato Community Partners |
| Jack in the Box | John Irish Auto Center |
| County of Marin | Stockton School District |
| Save Mart | Mission Ranch Resort |
| Subway Sandwich Stores | Sutter Hospital |
| Water World (Six Flags) | Bedford Properties |
| Kovac Realty | River City Brewery |
| Buttercup Restaurants | Cal Fed Bank |
| Chelsea Motor Inn | Church of Our Savior |
| Citi Bank | Cove Shopping Center |
| Diablo Holdings | Esquire Grill |
| Zuni Restaurant | Evolution Furniture |
| Grandview Investments | Hacienda Del Lago |
| Hayes Valley Condos Assoc. | Packard Foundation |
| Hidden Valley Dance Studios | King Village Shopping Center |
| 369 Broadway | Last Day Saloon |

A partial list of some of the projects I have been involved with include:

- Consultant to the **Irvine Co** on all facets of disabled access in **Multi-family housing development;**

- Consultant to **Infineon Raceway;**

- Consultant to **Lucasfilm's/ILM** on **Skywalker Ranch;**

- Consultant to **Foster's/Beringer Blass** on their entire winery portfolio;

- Consultant to **San Francisco Community College District** on their recent $20 million Title II action;

- Consultant to **Shea Homes** on all facets of disabled access in **Multi-family housing development;**

- Defense Expert for **Mervyn's** in their successful defense of the selective aisle width case;

- Featured speaker at the **US Federal Court's Eastern District Annual Conference,** in Monterey on November 3, 2001;

14

- Consultant to the **National Park Service** for the new Yosemite Lodge and Camp 4 in **Yosemite Valley**.

- Consultant to **California Attorney General** on a Federal ADA case involving the **Department of Corrections' 15 prison institutions**;

- Defense expert on the **Clint Eastwood** ADA matter in Carmel.

- Featured speaker to **4000 Subway Franchisee's** at their annual conference in Las Vegas on August 2, 2001;

- Featured speaker at the **Associate of Defense Counsels District Annual Conference,** in San Francisco;

- Disabled Access Consultant to the Skidmore, Owings and Merrill design teams on the **proposed Pier 32 Cruise Terminal in San Francisco.**

- Expert to **Francis Ford Coppola's** Coppola-Niebaum Winery;

- Plaintiff's experts on a personal injury case with ADA and disabled access elements. The **award exceeded $2.1 million dollars.**

- Expert to the **Pebble Beach Company's** properties (including Pebble Beach, Del Monte, Spyglass and Spanish Bay hotel and golf properties;

- Worked as expert in the **BART (Bay Area Rapid Transit)** on their recent Federal Class Action suit;

- Assisted the **Hertz Corp**. as an expert on their recent Federal Class Action access suit;

- Helping the **NBA Golden State Warriors** and **the Oakland/ Alameda County Coliseum Complex** identify and solve disabled access problems with their facility;

- I've been certified by the **California State Lottery** to work with their 19,200 sites to achieve a minimum level of access;

- Helping the **NBA Sacramento King's** and **the ARCO Arena Complex** identify and solve disabled access problems with their facility;

- Completed a one year study on the effectiveness of **the City and County of San Francisco's Building Departments**' in enforcing the State Disabled Access Regulations. The **Northern District Federal Court** ordered this study based on litigation from community groups.

- Worked as expert for **MUNI (San Francisco Municipal Railway)** on their recent Federal Class Action suit;

- Study completed for **Fair Housing of Marin** on 20 residential sales offices;

- Assisted the **City of Chicago's Convention Complex** called **Metropolitan Pier and Exposition** with disabled access elements.

- Recent work with the **California Attorney Generals Office** on a whole range of disabled/ADA issues.

- Consultant to the **Shea Homes Co project at Hamilton Field** in Novato, CA;

- Instructor with **UC Berkeley's Extension Program,** I teach a class on **Universal Design and the ADA**.

### LEGAL WORK

I have been Plaintiff's or Defense expert on over 500 cases. On a number of cases (about five) I was expert for both parties, by agreement.

### MUNICIPAL WORK

I also provide on-call-consulting services to many municipalities, including the Cities of Riverside, San Rafael, County of Napa, City of American Canyon, Mill Valley, Eureka, Clear Lake, Fresno, Sausalito, Corte Madera, Ross, County of Amador and the County of Marin. These services include, plan checking, hardship request analysis and a whole range of disability issues.

### FEE SCHEDULE

My services are $215.00 per hour for general consulting and $295.00 for depositions and sworn testimony.

**Cases Where Depositions Or Testimony Was Required**

- Hawkins v. Campus Mini-Mart (Deposition and Trial)
- Haney v. Treat (Deposition and Trial)
- James v. JC Penney's (Deposition and Trial)
- Dowling v. Spinnakers (Deposition and Trial)
- Perkins v. Chicago Metropolitan
- Pickern v. UniLab
- D'Lil v. Ranch House
- Stickel v. Farmers Table
- Callen v. Macys West
- Lieber v. Cal Pacific Med Center
- McWorter v. Dalton (Deposition and Trial)
- Hankins v. El Torito
- Jenkins v. Holiday Inn (Deposition and Trial)
- Zum Brunnan v. Mission Ranch (Deposition and Trial)
- Lentini v. City of Escondido
- Wilson v. Polaris
- Turner v City of Fresno
- Graham v Westwood Village HOA
- Pickern v Tri Counties Bank;
- Doran v. Rendzvous Café;
- Moreno v Subway (Deposition and Trial)
- Doran v. Holiday Quality Foods
- Doran v. Oroville Hospital
- Martin v. Cavalier
- CDRA v. Mervyn's
- McMahon v. Cinema West (Deposition and Trial)
- Wilson v. Nimbus Winery (Deposition and Trial)
- Martin v. Water St Grille
- Marcy, Darcy-Key v Fortuna Hotel
- Martin v. Water Street Grill
- Feezor v. Starbucks;
- Molski v. Harmony;
- Madden v Amir's Pasta
- Ordeana v. Kaiser Permanente
- Wilson v. Pier 1
- Chapman v. Pier 1
- Cherry v. SF City College
- Dodson v. Dollar Tree (Trial)
- Wilson v. Johnny Carino's (Trial)
- Wilson v. Murillo's;
- Antonetti v. Chipolte;
- Lonberg v. City of Riverside (Trial only)

- Fitzsimmons v Novato Motel;
- Oliver v KFC;
- Friedman v. Tavistock;

**Publications or Presentations**

- Presentation to County of Amador Public works and Building Officials on ADA and CBC requirements;

- Presentation to 150 nationwide district managers for Ross Stores on Access Requirements in a Retail Environment, September, 2005;

- I teach a class a UC Berkeley on Universal Design and Disabled Access; (Fall 2001) (Spring 2002);

- California Association of Realtors. Seminar on ADA/CBC requirements for apartments in January 2005;

- Speaker at the March 2005 American Society of Civil Engineers *(ASCE) redwood Chapter on ADA/CBC in Public Rights of Ways;

- Speaker at Federal Court's Eastern District Conference, Monterey, 2002

- Speaker at 2002 Association of Defense Counsel of Northern California and Nevada

- Speaker at 2002 Burger King Franchisee's Association (Northern California and Nevada)

- Speaker at the NAASF annual meeting in Las Vegas on Aug 2, 2001;

- "Access is good for Business:" Orange Co Business Owners; (presentation)

- "ADA and supported employment" Integrated Resources; (presentation)

- "Facility Obligations" Sonoma Co Superintendent of Schools; (presentation)

- "The ADA of 1990" AIA, Marin; (presentation)

- "ADA and Pacific Telephone" Pacific Bell Managers; (presentation)

- Marin County Codes Advisory Board; (presentation)

18

- Burger King Convention, Nashville; (presentation)
- California Restaurant Association: (presentation)
    - Sacramento Chapter
    - Santa Clara Chapter
    - San Francisco Chapter
    - Monterey Chapter
    - Santa Cruz Chapter
- California Hotel and Motel Association; (presentation)
- Seminar for Business and other Interested Parties, Monterey; (presentation)
- And many other community and industry groups;

**Personal Disability Knowledge**

I am also a disabled individual. I'm a C-5 quadriplegic (since 1979) and use an electric wheelchair for day-to-day ambulation and a pushchair on special occasions.

This unique combination of expertise in the field of disabled access and my daily observations and practical experience as a disabled individual make a rare and very useful mixture of technical and real world knowledge for my clients and the court.

**Basis of Expert Testimony**

The facts contained are within my personal knowledge, and I can and will testify competently to them if called to do so. The following opinions are based on my experience with providing program and physical facilities access for public and private entities.